IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMAL MOORE and DARLENA MOORE, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | CASE NO. 3:09-0074 JUDGE TRAUGER/KNOWLES |
| RUTHERFORD COUNTY SCHOOL DISTRICT, | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before upon Defendant's "Motion to Dismiss the Complaint with Prejudice Based Upon Plaintiffs' Failure to Prosecute, Failure to Comply With the Court Order, and Failure to Participate in Discovery." Docket No. 36. Defendant has filed a supporting Memorandum of Law, and the Affidavit of one of its counsel. Docket Nos. 37, 38.

On November 5, 2009, the undersigned entered an Order granting Defendant's previously-filed Motion to Compel. Docket No. 32. That Order stated in part:

> Plaintiffs shall respond to the Interrogatories and Requests for Production of Documents on or before November 16, 2009. Plaintiffs are forewarned that if they fail to comply with this Order, this lawsuit is subject to being DISMISSED.

*Id.*

The instant Motion and supporting documents establish that, as of the date of the filing of these materials, Plaintiffs had failed to comply with the previous Court Order. The Affidavit

further refers to the fact that Defendant's counsel has previously provided Plaintiff Darlena Moore with six available dates upon which to take her deposition, but that counsel received no response from Plaintiff Moore.

The Court notes that, on November 30, 2009, Plaintiff Darlena Moore filed a "Motion for Court to Subpoena Transcript, Exhibits and Documents from Due Process Hearing." Docket No. 35. That Motion requests in part that the referenced materials be used by Defendant "to answer Interrogatories and for production of documents." *Id*., p. 1. Plaintiff's Motion is also something of a response to the Court's previous Order, although it was filed approximately two weeks later than the Order required. Plaintiff's Motion states in part as follows:

> The state of Tennessee does not have special education attorneys that practice special education law. This makes this whole case biased and prejudice.
>
> . . .
>
> (<u>Please do not dismiss this case</u>.)
>
> . . .
>
> The Tennessee Bar Association has told me that there is not even a "special education" law bracket. I am not trained in law (special education law – in this case) to answer Interrogatories in legal language or any other fashion. Why would the Court put a parent in such an unfair position.
>
> . . .
>
> You may request the due process hearing transcript by contacting Patty Myers, Murfreesboro Court Reporter (5 hours long) or by contacting Rutherford County School District (615) 890-6415.
>
> . . .
>
> Myself and my son becoming homeless and having to relocate due to Rutherford County School District for my son to receive special

> education services via school and not homeschool (which I had no choice due to dis-service by Rutherford County School District) is also why I could not respond to discovery motions and, dispositive motions. Also, without a special education attorney I cannot prepare to respond to Defendants.

Docket No. 35.

The Court has denied Plaintiff's Motion by a separate Order and, treating the Motion as a second Motion for the appointment of counsel, has denied that aspect of the Motion as well. (Plaintiff previously filed a Motion to Appoint Counsel (Docket No. 27), which was denied by the undersigned (Docket No. 29)).

Plaintiffs have failed to comply with the Court's Order entered November 5, 2009. Plaintiffs have failed to respond to Defendant's Interrogatories and Request for Production of Documents. The Court understands that Plaintiff Darlena Moore is proceeding pro se and is at a disadvantage because she is not represented by counsel. She has, however, apparently made no attempt to comply with the Court's previous Order, at least in a timely fashion, that she respond to the outstanding discovery requests. As the Court has previously held, Plaintiffs are not entitled to appointed counsel in this action. Nevertheless, Plaintiff Darlena Moore's reason for failing to respond to the discovery at issue, essentially, is that she is without counsel.

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 36) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any

response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                E. Clifton Knowles
                                                United States Magistrate Judge